| | | |
|---|---|---|
| REGINALD C. HAYS<br>1512 Holbrook Street<br>Baltimore, Maryland 21202 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| CORRECTIONAL MEDICAL<br>SERVICES, INC. A/K/A CMS<br>12647 Olive Boulevard<br>St. Louis, Missouri 63141 | * | |
| | * | Case No.: |
| Serve On:<br>The Corporation Trust Incorporated<br>300 East Lombard Street<br>Baltimore, Maryland 21202 | * | |
| Defendant Health Care Provider | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Reginald C. Hays by and through his attorneys, Andrew G. Slutkin, Jamison G. White and Silverman Thompson Slutkin & White, hereby sues the Defendant Health Care Provider, Correctional Medical Services, Inc. a/k/a CMS, and states as follows:

### PARTIES, VENUE AND JURISDICTION

1. At all times material to this case Reginald C. Hays ("Plaintiff") has been a resident of the State of Maryland.

2. At all times material to this case the Defendant Health Care Provider, Correctional Medical Services, Inc. a/k/a CMS ("CMS" or "the Defendant Health Care Provider"), has been engaged in the practice of medicine in Maryland, acting individually and/or through actual and/or apparent agents, servants and/or employees including but not limited to Zygmunt Bogucki, P.A.

3. This claim is instituted for the recovery of damages in excess of Thirty Thousand Dollars ($30,000.00).

4. Venue is proper in Baltimore City, Maryland.

5. This case originally was filed in the Health Claims Alternative Dispute Resolution Office. The Plaintiff subsequently unilaterally waived arbitration and the attached Order of Transfer was issued to this Court.

## FACTS

6. In or about February 2007, the Plaintiff was incarcerated for a term of approximately 1 year and 9 months by the Maryland Department of Public Safety & Correctional Services.

7. During his incarceration, the Plaintiff was placed at various facilities until in or about December 2007, when he was transferred to the Maryland Correctional Institution – Jessup ("MCI-J").

8. At MCI-J, beginning in or about February 2008, the Plaintiff began to experience an inability to breathe out of his nose.

9. On or about February 24, 2008, the Plaintiff filled out a Sick-Call Request/Encounter Form which stated "I have not been able to breathe out of my nose for three weeks and it's been hard to sleep at night." The Plaintiff was examined by the Defendant on or about February 26, 2008, was diagnosed allergic rhinitis and was prescribed medication to treat his condition.

10. On or about March 2, 2008, the Plaintiff filled out a Sick-Call Request/Encounter Form complaining about headaches he was experiencing. The Plaintiff was examined by the

Defendant on or about March 7, 2008, who found that the Plaintiff had "significant nasal congestion and mouth breathing." The Defendant diagnosed "spasm 2° to mouth breathing," and prescribed medication to treat his condition.

11. On or about March 30, 2008, the Plaintiff again filled out a Sick-Call Request/Encounter Form which stated "I have not been able to breathe out of my left nostril for two months exactly. Please help." The Plaintiff was examined by the Defendant on or about April 2, 2008 who found the neck was symmetrical with no tenderness to palpation, and again diagnosed allergic rhinitis.

12. Unbeknownst to the Plaintiff, his difficulty breathing was due to an early nasopharyngeal cancer which the Defendant negligently failed to have diagnosed and treated.

13. On or about April 15, 2008, the Plaintiff filled out a Sick-Call Request/Encounter Form which stated "Still cannot breathe out of my left nostril." The Plaintiff was examined by the Defendant on or about April 23, 2008, who documented a "stuffy nose" and "neck pain." On that day, the Defendant found that the Plaintiff had a lump in the left neck that was "tender to palpation," but the Defendant again negligently failed to have the Plaintiff's cancer diagnosed and treated.

14. On or about May 7, 2008, the Plaintiff was examined by the Defendant who documented that the Plaintiff again was complaining of a "stuffy nose and running too off-on." On that day, the Defendant found that the Plaintiff's neck was "tender to palpation on the left lateral side with lymphadenopathy" and that his left ear was "tender to palpation on the mastoid region," but the Defendant again negligently failed to have the Plaintiff's cancer diagnosed and treated.

3

15. On or about May 21, 2008, the Plaintiff was examined by the Defendant who documented that the Plaintiff was complaining of a "neck pain" and "lymphadenopathy." On that day, the Defendant found that the Plaintiff's neck was "tender to palpation on the left lateral side with lymphadenopathy." On that day, the Defendant considered sending the Plaintiff for an ear nose and throat doctor for evaluation; however, the Defendant negligently failed to do so and again negligently failed to have the Plaintiff's cancer diagnosed and treated.

16. On or about May 28, 2008, the Plaintiff was examined by the Defendant who documented that the Plaintiff was complaining of a "neck pain." On that day, the Defendant found that the Plaintiff's neck was "tender to palpation on the left lateral side with adenopathy," but the Defendant again negligently failed to have the Plaintiff's cancer diagnosed and treated

17. On or about June 10, 2008, the Plaintiff was examined by the Defendant who documented that the Plaintiff was complaining of "neck pain on the left side with adenopathy." On that day, the Defendant found that the Plaintiff's neck was "tender to palpation on both sides – L.R., with adenopathy." On that day, the Defendant again negligently failed to have the Plaintiff's cancer diagnosed and treated.

18. On or about June 27, 2008, the Plaintiff was examined by the Defendant who documented that the Plaintiff was complaining of "neck pain with lymphadenopathy since 4/08. He complains of running nose and dry cough." On that day, the Defendant found that the Plaintiff's neck was "tender to palpation on posterior cervical area," but again the Defendant again negligently failed to have the Plaintiff's cancer diagnosed and treated.

19. On or about July 9, 2008, the Plaintiff filled out a Sick-Call Request/Encounter Form which stated "I have something in my nose and I can't breathe and my neck is still stuck

4

out." The Plaintiff was examined by the Defendant on or about July 14, 2008, who documented that the Plaintiff's "left nostril [was] blocked by a cyst versus toilet paper or cotton? with difficulty breathing" [Sic]. The assessment was "susp[ect] left nostril polyp vs cyst." However, on that day, the Defendant again negligently failed to have the Plaintiff's cancer diagnosed and treated.

20. In or about November 2008, the Plaintiff was released from prison.

21. Shortly after being released from prison, on or about November 29, 2008, the Plaintiff presented to Maryland General Hospital with complaints of a nasal mass, congestion ad trouble breathing through his nose. A CT of the head with contrast subsequently demonstrated an enhancing nasopharyngeal mass with invasion of bilateral maxillary sinuses, sphenoid sinus and ethmoid sinus. A biopsy revealed cancer in the form of poorly differentiated squamous carcinoma of the nasopharynx. At this point, the Plaintiff's cancer was stage 4. The Plaintiff subsequently underwent chemotherapy and radiation treatment.

22. As a result of the negligent delay in the diagnosis and treatment of the Plaintiff's cancer, he went from a probability of survival had the cancer been timely diagnosed and treated, to a probability of death due to the delay in diagnosis and treatment.

## COUNT I
(Medical Malpractice)

The Plaintiff hereby sues the Defendant Health Care Provider and for the cause of action states:

23. All of the allegations contained in the above paragraphs are incorporated herein as if those allegations are set forth in this Count.

24. The Defendant Health Care Provider, individually and/or through actual and/or apparent agents, servants and/or employees, including but not limited to Zygmunt Bogucki, P.A., owed the Plaintiff a duty to exercise reasonable care in the care and treatment of him.

25. The Defendant Health Care Provider, individually and/or through actual and/or apparent agents, servants and/or employees, including but not limited to Zygmunt Bogucki, P.A., breached the above-described duty of care, thereby deviating from the applicable standards of care, and was otherwise negligent in that it, among other things:

   a.  Failed to properly examine the Plaintiff;

   b.  Failed to timely and properly diagnose the Plaintiff's cancer;

   c.  Failed to follow-up with the Plaintiff regarding his cancer;

   d.  Failed to refer the Plaintiff to appropriate medical specialists to diagnose and/or treat the Plaintiff's cancer;

   e.  Failed to have the Plaintiff's cancer timely and properly treated; and/or

   f.  Failed to have a proper procedure in place to have the Plaintiff's cancer timely and properly treated.

26. As a direct result of the above-described deviations from the standards of care and breaches of duty by the Defendant Health Care Provider, the Plaintiff's cancer grew and spread, required additional treatment which would not have been otherwise necessary, caused the Plaintiff unnecessary pain, suffering and emotional distress, and will kill him.

27. As a further direct result of the above-described deviations from the standards of care and breaches of duty by the Defendant Health Care Provider, the Plaintiff has incurred economic losses including but not limited to medical expenses and lost wages.

28. As a further direct result of the above-described deviations from the standards of care and breaches of duty by the Defendant Health Care Provider, the Plaintiff's cancer has progressed from a probability of survival had the cancer been timely diagnosed and treated, to a probability of death due to the delay in diagnosis and treatment.

29. Had the Defendant Health Care Provider followed the appropriate and applicable standards of care, the Plaintiff would not have suffered the above-identified injuries and damages.

30. The injuries and damages herein complained of were directly and proximately caused by the negligence of the Defendant Health Care Provider with no negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff requests that a judgment be entered against the Defendant Health Care Provider for compensatory damages, attorneys' fees and costs in excess of Thirty Thousand Dollars ($30,000.00).

_____
ANDREW G. SLUTKIN
JAMISON G. WHITE
SILVERMAN THOMPSON SLUTKIN & WHITE
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201
(410) 385-2225

Counsel for the Plaintiff

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a jury trial in this case.

_____
ANDREW G. SLUTKIN